COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-033-CR

 

 

CLIFFORD JONES                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 89TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury found Appellant Clifford Jones guilty of
aggravated assault of a public servant with a deadly weapon, found the
enhancement allegations true, and assessed his punishment at life
imprisonment.  The trial court sentenced
Appellant accordingly, stacking his sentence onto the sentence that Appellant
was already serving in the Institutional Division of the Texas Department of
Criminal Justice (IDTDCJ).[2]  Counsel on appeal has filed an Anders
brief asserting that there are no grounds that could be argued successfully on
appeal.[3]  This court provided Appellant the opportunity
to file a pro se brief, but he did not. 
Because we hold that any appeal from this case would be frivolous, we
grant counsel=s motion to withdraw and affirm
the trial court=s judgment.

Counsel has fulfilled the requirements of Anders
by presenting a professional evaluation of the record in explaining why there
are no arguable grounds for appeal.  We
must now conduct an independent examination of the record to determine whether
counsel is correct.[4]  Only then may we grant counsel=s motion
to withdraw.[5]








The indictment tracks the statutory language of
the offense for which appellant was convicted.[6]  It alleges that the offense occurred before
the presentment of the indictment.  The
enhancement paragraphs are also valid, stating the nature of the offense, the
style, the cause number, the county, and the court.  The enhancement paragraphs sufficiently put
Appellant on notice of the prior convictions.[7]  Thus, the indictment conferred jurisdiction
on the trial court and provided Appellant with sufficient notice to prepare a
defense.[8]    Appellant filed many pretrial motions.  The record contains some orders and
rulings.  Regarding those motions ruled
upon, we see no abuse of discretion by the trial court.  Regarding those motions not presented, no
complaint has been preserved for review.[9]  Thus, our review of the record reveals no
reversible error pretrial.  Similarly,
our review of voir dire proceedings shows no reversible error.








The evidence, including Appellant=s
testimony, shows that on December 10, 1999, Appellant was incarcerated in the
Allred Unit.  Correctional Officer Lenny
Williams noticed flooding coming from the area around Appellant=s
cell.  When Williams went to open the
pipe chase (a vertical shaft housing plumbing and electrical wiring) in that
area to investigate the flooding, Appellant, wearing his shorts and using a
blanket to cover his nose and mouth, jumped out of the pipe chase and attacked
him, stabbing him repeatedly with a long shank. 
During the struggle, Williams tried to reach his bean tool, a long steel
instrument that the officers used to open the little windows in the cell doors
through which the prisoners= food
trays were delivered.  Appellant wrestled
the bean tool away from Williams and hit him with it.  Among other injuries, Williams sustained a
broken clavicle bone.  He missed three
months of work and underwent physical therapy.

Appellant testified that he stabbed the officer
because he wanted to draw the public=s
attention to the poor treatment conditions on the pod.  Under the applicable standards of review, the
evidence is legally[10]
and factually[11]
sufficient to support Appellant=s
conviction.  Our review shows no
reversible rulings during the evidentiary phase at guilt-innocence.








The court=s charge
on guilt-innocence properly defined the law.[12]  The trial court refused Appellant=s
request to place a limiting instruction in the jury charge regarding the jury=s
consideration of Appellant=s prior
convictions.  Our review of the record
shows that evidence about Appellant=s prior
convictions initially came in for all purposes through Appellant=s direct
testimony.  The State elicited more
testimony, again without objection as to the scope of the evidence.  Consequently, the trial court did not err in
refusing the requested instruction.[13]  Even if the trial court had erred, however,
such error would be harmless because, among other things, there was
overwhelming evidence, including Appellant=s own
testimony, of the crime.[14]








Appellant=s
counsel offered no objections to the State=s
closing argument, so error, if any, was not preserved.[15]  Our review of the record reveals no
reversible error from the punishment phase. 
The jury assessed Appellant=s
punishment at confinement for life as an habitual offender, finding that he
committed the two prior felonies alleged in the enhancement paragraphs in the
indictment.  The sentence is within the
range of punishment for this offense.[16]

Appellant was also represented by counsel in all proceedings.

We see no potential for a successful claim of
ineffective assistance of counsel.  A
record sufficient to show ineffective assistance of counsel can rarely be
developed on direct appeal.  The Texas
Court of Criminal Appeals has pointed out that an application for a writ of
habeas corpus is the more appropriate vehicle to raise ineffective assistance
of counsel claims.[17]

After independently reviewing the record, we
therefore agree with appellate counsel=s
determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel=s motion
to withdraw and affirm the trial court=s
judgment.

 

PER CURIAM








PANEL F:    DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  November 3, 2005

 











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim. Proc. Ann. art. 42.08(b) (Vernon Supp. 2005) (requiring
cumulative sentencing when IDTDCJ inmate commits offense while incarcerated).





[3]See Anders v. California, 386
U.S. 738, 87 S. Ct. 1396 (1967).





[4]See Mays v. State, 904 S.W.2d 920, 923 (Tex. App.CFort Worth 1995, no pet.).





[5]See Penson
v. Ohio, 488 U.S. 75, 83, 109 S. Ct. 346, 351 (1988).





[6]See Tex. Penal Code Ann. ' 22.02
(Vernon Supp. 2005).





[7]See Hollins v. State, 571 S.W.2d 873, 875 (Tex. Crim. App. 1978).





[8]See Tex. Const. art.
V, ' 12; Duron v. State, 956 S.W.2d 547, 550B51 (Tex.
Crim. App. 1997).





[9]See Tex. R. App. P.
33.1(a); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004);
Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).





[10]See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied,
529 U.S. 1131 (2000) (providing standard of review for legal sufficiency).





[11]See Zuniga v. State, 144 S.W.3d 477, 481-82, 484-87 (Tex. Crim. App. 2004); Sims v.
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997) (providing standard of review for
factual sufficiency).





[12]See Tex. Code Crim. Proc. Ann. art. 36.16
(Vernon 1981).





[13]See Tex. R. Evid.
105(a); Hammock v. State, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001); see
also Tex. R. Evid. 609(a)
(allowing evidence of prior felonies within the last ten years to attack
credibility).





[14]See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh=g); see
also Ovalle v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).





[15]See Ladd v. State, 3 S.W.3d 547, 569 (Tex. Crim. App. 1999), cert. denied, 529
U.S. 1070 (2000); Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App.
1996), cert. denied, 520 U.S. 1173 (1997).





[16]See Tex. Penal Code Ann. ''
12.42(d), 22.02(b)(2) (Vernon Supp. 2005).





[17]Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); see also Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v.
State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State,
988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (all providing standard of review
for ineffective assistance claims).